No. 305

FECHHEIMER v. KIEFER, Exc.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2953. Decided March 7, 1927

887. PARTIES—Unless there is some provisions in the partnership articles to provide otherwise, the death of one partner dissolves the firm and Sec. 10733 GC. provides that upon the death of one of two or more joint defendants, the right of action becomes joint and several and one may maintain an action either severally or jointly.

485. EXECUTORS AND ADMINISTRATORS—Where there are no local creditors, legatees, or distributees to protect, the debtor is protected against another judgment upon the same cause of action, brought by an executor appointed in another jurisdiction.

First Publication of this Opinion

BUCHWALTER, J.

This action was brought in the Hamilton Common Pleas by Abraham Kiefer, Executor of the estate of Henry Kiefer against Samuel H. Fechheimer to recover upon a promissory note for $5823.23, the payee being Henry Kiefer and the obligee Fechheimer, Kiefer & Co., a partnership. Two issues are raised by the

pleading, first, the right of Kiefer to maintain an action against Fechheimer, without joining as parties to the action other members of the partnership of Fechheimer, Kiefer & Co.; or their representatives; second that Henry Kiefer's domicile at the time of his death was in Maryland and not in the District of Columbia and that the Court of the District of Columbia was without jurisdiction to probate the will and appoint Kiefer as executor. The trial resulted in favor of Kiefer, Ex. and error is prosecuted here.

The Court of Appeals held:

1. Unless there is some provisions in the partnership articles to provide otherwise, and there is no evidence on this point, the death of one partner effects a dissolution of the firm. McGrath v. Cowan, 57 OS. 385. (Syl. 2.)

2. Under Sec. 10733 GC. the right is given in a joint cause of action, that upon the death of one of two or more joint defendants, the right of action becomes joint and several. Kiefer may proceed to sue either severally, or to join the survivors and the representatives of the deceased. Weil v. Guerin, 42 OS. 299.

3. As to the question of jurisdiction, the record contains copies of the order of probate, and an order appointing Kiefer executor of said estate, both of these orders find that said decedent was at the time of his death domiciled in the District of Columbia. There is also a certified copy of an order of said court, where on a caveat, by one, who raised the question, finding that the decedent was domiciled in the District of Columbia.

4. The defendant offered in evidence that decedent at the time of making his will was a resident of Maryland, and testimony of a doctor who, when decedent was admitted to a hospital, said his home was in Maryland. No questions were asked on his return as to his domicile, he re-entering the hospital again, at a later date.

5. In an action upon a judgment rendered in a court of record in the District of Columbia, jurisdiction is presumed. The burden of proof of establishing that the court in question had no jurisdiction to render the judgment sued upon, rests upon the defendant. Simmons v. Eichelberger, 110 OS. 224.

6. The question here raised is not in an action to recover upon a judgment, but as to the right of the executor to bring suit in this state. In bringing this suit, he relies on the orders made by the court, and the same principles would apply as are set forth above, that is that the jurisdiction of the court is presumed and to prove the contrary rested upon the defendant. Therefore the lower court did not err.

7. It is contended that if judgment is obtained against him in Ohio and he pay same, he might be subject to another suit brought by a representative appointed in Maryland.

8. The intent of the provisions of our Code to permit foreign executors to sue in this state makes it unnecessary that ancillary administration be instituted, and where there are no local creditors, legatees, or distributees to protect, the debtor is protected against an-

other judgment upon the same cause of action, brought by an executor appointed in another jurisdiction. Pedam v. Robb, 8 Ohio. 228.

Judgment affirmed.

(Hamilton, PJ., and Cushing, J., concur.)

Attorneys—Mouliner, Bettman & Hunt for Fechheimer; Dempsey & Dempsey for Kiefer; all of Cincinnati.